UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                                CASE NO. 2:21-CR-20634-DML

v.                                     HONORABLE DAVID M. LAWSON

DARRIOUS JERMAINE ARRINGTON,

        Defendant.

_____/

## CRIMINAL TRIAL NOTICE AND SCHEDULING ORDER

The purpose of this Order is to:

(1)     Provide for Discovery and Inspection of Documents;
(2)     Establish a Plea Cut-off Date;
(3)     Establish a Motion Cut-off Date;
(4)     Set Guidelines for Other Pretrial Matters; and
(5)     Set a Trial Date and Final Pretrial Conference.

This Order also is intended to eliminate unnecessary discovery motions and to expedite the presentation of evidence and the examination of witnesses. To the extent it is in conflict with any administrative order in this District, this Order shall govern.

**If the parties intend to resolve this case by a plea agreement pursuant to Federal Rules of Criminal Procedure 11, the parties must submit a signed written plea agreement to chambers by the close of business on or before the deadline set forth below. If no plea agreement is submitted by that date, no guilty plea will be accepted other than as charged to the indictment or information.** The following deadlines shall apply in this case:

**SIGNED** RULE 11 PLEA AGREEMENT: **December 1, 2021**

FINAL PRETRIAL CONFERENCE/ENTRY OF PLEA:  **December 1, 2021 at 11:00 a.m.**

TRIAL DATE AND TIME:  **December 14, 2021 at 8:30 a.m.**

**IT IS YOUR RESPONSIBILITY TO CONFIRM THE TRIAL DATE AS IT APPROACHES WITH SUSAN PINKOWSKI, JUDGE LAWSON'S CASE MANAGER AT (313) 234-2662.**

MOTION FILING DEADLINE:  **November 8, 2021**

MOTION HEARING DATES **will be set by the case manager if motions are filed**.

DEADLINE FOR SUBMITTING WITNESS LISTS, PROPOSED VOIR DIRE, PROPOSED JURY INSTRUCTIONS AND LISTS OF EXHIBITS generally will be one week prior to trial, but the specific deadline will be established by the Court at the final pretrial conference.  These documents are to be sent directly to Judge Lawson's chambers.  They are NOT to be electronically filed or otherwise submitted to the Clerk's Office.

1.    **ATTORNEY CONFERENCE AND DISCLOSURE**

Within fourteen (14) days of the date of arraignment, government and defense counsel shall meet and confer for the purpose of resolving or minimizing the issues in controversy.  ***Upon the request of defense counsel, government counsel shall:***

(A)    provide defense counsel with the information described in Federal Rules of Criminal Procedure 16(a)(1); and

(B)    permit defense counsel to inspect and copy or photograph any exculpatory/impeachment evidence within the meaning of *Brady v. Maryland*, 373 U.S. 83 (l963), *United States v. Agurs*, 427 U.S. 97 (l976), and *Giglio v. United States*, 405 U.S. 105 (l972).  A list of such evidence shall be prepared and signed by all counsel.  Copies of the items that have been disclosed shall be initialed or otherwise marked.

The foregoing notwithstanding, under Federal Rule of Criminal Procedure 5(f)(1), as amended by the Due Process Protection Act, Pub. L. No. 116-182, 134 Stat. 894 (October 21, 2020), the Government is **ORDERED** to comply immediately with its obligation to disclose to the defense, all exculpatory evidence that is material to the defense under *Brady v. Maryland*, 373

U.S. 83 (1963), *United States v. Agurs*, 427 U.S. 97 (l976), *Giglio v. United States*, 405 U.S. 105 (l972), and the decisions that apply and follow those cases.   The failure to do so in a timely manner may result in consequences, including dismissal of the indictment or information, exclusion of government evidence or witnesses, adverse jury instructions, dismissal of charges, contempt proceedings, sanctions by the Court, or any other remedy that is just under the circumstances.

Nothing in this Order shall be construed to require the disclosure of Jencks Act material prior to the time that its disclosure is required by law.

**2**.      **DISCLOSURE DECLINED**

If, in the judgement of government counsel, it would be detrimental to the government's interests to make any of the disclosures set forth in the paragraph above, the government must file a motion within the 14-day period seeking relief from this Order and setting forth the specific reasons therefore.

**3**.      **CONTINUING DUTY**

The duty to disclose is continuing, even throughout trial.

**4**.      **DISCOVERY BY THE GOVERNMENT**

This Order is not designed to preclude discovery by the government under the Federal Rules of Criminal Procedure, nor to alter the Defendant's obligation, if any, under Rule 16(b).

**5.**      **E-FILING**

Except as specified otherwise in this Court's ECF Policies and Procedures, or by other court order, all court papers to be made part of the court record ***must be filed electronically***.  **ALL** attorneys must become familiar with the CM/ECF Policies and Procedures, which can be found as an Appendix to the Local Rules.

Attorneys shall furnish to chambers courtesy copies of motions and briefs in support of motions that have been e-filed, limited to the following material: (1) exhibits that contain materials that cannot be understood adequately in copied form (e.g., color photographs, color graphs and charts); (2) exhibits that exceed 50 pages in length; (3) motions with exhibits that exceed 3 in number.  Paper copies of motions and briefs may be sent by ordinary mail posted within one (1) business day of the e-filing date.  Paper copies should be directed to chambers and **NOT** filed with the Clerk's Office.

**WARNING!  Under the E-Government Act of 2002, certain information must not be included in court documents.  Before filing any court documents, either electronically or in the traditional manner, read the privacy notice that can be found at http://www.mied.uscourts.gov/Rules/Plans/07-AO-030.pdf.**

6.   **MOTIONS**

All pre-trial motions are to be filed on or before **November 8, 2021.**  If motions are filed, the government may respond within the time allowed by the Local Rules for response (14 days for non-dispositive motions; 21 days for dispositive motions).

All parties must strictly comply with LR 7.1(a), which requires moving parties to seek concurrence before filing a motion.  The Court requires that a good-faith effort be made to obtain concurrence, which normally involves actual voice contact with opposing counsel.  Email communication generally will be deemed insufficient.  If no actual conversation occurs, the moving party must show that reasonable efforts were undertaken to conduct a conference.  All of this must be documented specifically in the motion papers.

7.   **EXHIBITS**

(A)   Marking of Exhibits

Counsel are required to mark all proposed exhibits in advance of trial.  The preferred method is to use the traditional "Government's Exhibit ___" (yellow) and "Defendant's Exhibit ___" (blue) stickers, but any clearly marked method is acceptable.  A consecutive numbering system should be used by each party.  Numbers used by one party shall not be used by other parties.

(B)    <u>List of Exhibits</u>

A list of proposed exhibits shall be submitted directly to Judge Lawson's chambers by each of the parties by the deadline established at the final pretrial conference.  However, no later than one (1) week before the final pretrial conference, each party shall make available for inspection all exhibits which that party will introduce at trial.  This provision shall not extend the time for disclosure and inspection of material previously ordered herein.

(C)    <u>Foundation for Exhibits</u>

When a party has inspected an exhibit that the opposing party intends to introduce in evidence, the authentication of that will be deemed established unless the objecting party files a notice with the Court at or before the final pretrial conference that the foundation for admission into evidence of the exhibit will be contested.

(D)    <u>Objections to Exhibits</u>

This Order shall not affect the right of a party to object at the time of trial to the introduction of an exhibit other than on the basis of authentication.

(E)    <u>Custody and Record of Admitted Exhibits</u>

Counsel are required to maintain a record of all admitted exhibits during trial.  See attached exhibit form.  Counsel for each party must keep custody of that party's admitted exhibits during trial.  A party who objects to this provision must file a written objection prior to jury selection.

(F)    <u>Publication of Exhibits During Trial</u>

The courtroom is equipped with electronic equipment to display trial exhibits by digital means.  Parties are encouraged to publish exhibits electronically.  Counsel must make a joint appointment through the Case Manager to familiarize themselves with the use of that equipment well before trial.

If a party does not intend to display evidence by electronic means, exhibits must be tabbed and put in binders.  If the exhibits are voluminous, exhibits used for each witness should be bound separately.  In either case, binders should be provided to the Court, the court reporter, opposing counsel and each juror.

(G)     Preparing Exhibits for Jury Deliberation

Counsel must confer and purge from one set of binders or files all exhibits not admitted during the course of trial.  Originals of all exhibits admitted at trial should be ready to be turned over to the jury foreperson prior to closing jury instructions so that jury deliberations are not delayed.

(H)     Filing Exhibits

It is the responsibility of the parties to ensure that the record is complete.  All trial exhibits, briefs, proposed jury instructions are to be filed in the record within five business days of the verdict.

(I)     Full Disclosure

Computer generated visual or animated evidence, together with underlying data, must be disclosed to opposing counsel at least one week before the start of trial.

(J)     Penalty

A party who does not abide by the provisions of this Order may be subject to sanctions, including preclusion of the introduction of exhibits at trial by the offending party.

8. **WITNESS LIST**

By the deadline established at the final pretrial conference (usually one week prior to trial), and to enable the Court to better estimate the length of trial, each party must submit directly to Judge Lawson's chambers a list of witnesses by name and agency (if appropriate), whom it reasonably anticipates it will call to testify at trial, noting the approximate amount of time the party anticipates will be needed for examination of each such witness. The list must be served on opposing counsel; proof of service must be attached. This list and proof of service are **NOT** to be electronically filed or otherwise submitted to the Clerk's Office.

9. **JURY INSTRUCTIONS**

The parties must meet and confer prior to trial to discuss jury instructions. By the deadline established (usually one week before trial), the parties must submit directly to Judge Lawson's chambers a single set of proposed, stipulated jury instructions. The Court has a standard set of opening and closing instructions relating to general trial issues, which may be obtained from the Case Manager; counsel are responsible for submitting all instructions related to their specific claims or defenses, and special instructions relating to evidence. All such instructions are to be submitted in typewritten form (double spaced) and on computer disk compatible with the current version of Word; each instruction shall contain references to authority (*e.g.*, "Devitt and Blackmar, Section 11.08"), and each instruction shall be on a separate page. In addition, each party must submit separately to Judge Lawson's chambers all additional proposed instruction (in the same form) to which any other party objects. The parties must make a concerted, good faith effort to narrow the areas of dispute and to discuss each instruction with a view to reaching agreement as to an acceptable form.

On the first day of trial, each defendant must furnish the Court with the "defense theory" (*see* Sixth Circuit Pattern Jury Instructions 6.01) if the defendant desires such an instruction. The defense theory is to be submitted in typewritten form (double spaced) and on computer disk compatible with the current version of Word.

10. **VOIR DIRE**

In jury cases, the Court will conduct the initial *voir dire*. Counsel may be permitted to ask follow-up questions to prospective jurors.

11. **JUROR NOTE TAKING**

Jurors will be allowed to take notes.

12. **ALTERNATE JURORS**

If more than twelve (12) jurors are selected, the Court prefers that alternate jurors be removed by lot at the conclusion of the final jury instructions, unless a party objects to this process at or before the final pretrial conference. If objections are made, alternate jurors shall be selected in the manner prescribed by Federal Rule of Criminal Procedure 24(c).

13. **BENCH TRIAL**

In bench trials, proposed findings of fact and conclusions of law must be submitted one week before the commencement of trial.

14. **CONTINUANCES**

Continuances of trial dates or continuances during trial will not be granted because of unavailability of witnesses. Please notify this Court if Court intervention is necessary to secure witness attendance. Otherwise, witnesses will be expected to be available when called.

15. **FINAL PRETRIAL CONFERENCE**

At the final pretrial conference counsel must be prepared to discuss all matters that will promote a fair and expeditious trial, including but not limited to:

A.  Anticipated evidentiary issues;
B.  Length of trial;
C.  Stipulations that may obviate the need for foundation witnesses;
D.  Stipulations that may obviate the need to prove facts that are uncontested;
E.  Stipulations that may obviate the need for certain exhibits;
F.  Peremptory challenges; and
G.  Special arrangements for the presentation of witnesses and other evidence (handicapped parties/witnesses, A/V needs, interpreters, etc.).


s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:  October 18, 2021

**PLAINTIFF'S EXHIBITS**
**DEFENDANT'S EXHIBITS**

| EXHIBIT NO. | DESCRIPTION | DATE OFFERED | OBJECTED TO | RECEIVED |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |